# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF FLORIDA, *et al.*

    Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, AND GINA
MCCARTHY, ADMINISTRATOR

    Respondents.
_____/

No. 15-1267

(consolidated with No. 15-1166 et al.)

## NON-BINDING STATEMENT OF ISSUES

Petitioners submit the following non-binding statement of issues to be raised:

1.    Whether EPA's interpretation of the phrase "substantially inadequate" in § 110(k)(5) of the Clean Air Act (CAA) as allowing EPA to ignore records of National Ambient Air Quality Standards (NAAQS) attainment under state implementation plan (SIP) provisions—some in place for decades—is arbitrary, capricious, or contrary to law?

2.    Whether EPA has demonstrated that each of the SIPs called in the SIP Call is substantially inadequate when viewed as a whole to protect NAAQS regardless of specific language in the States' start-up, shut-down, or malfunction (SSM) provisions?

1

3. Whether EPA's actions in calling the subject SIPs are inconsistent with the cooperative federalism structure of the CAA by usurping the States' authority to set emission standards and adopt enforcement programs to meet the NAAQS as set forth in the CAA?

4. Whether EPA has provided any rational basis to support its change of position that the called SIPs, which were deemed adequate for decades, now are not, including the change in position with respect to affirmative defenses as advocated by EPA in *Luminant Generation Co. v. EPA*, 714 F.3d 841 (5th Cir. 2013)?

5. Whether EPA's interpretation of the CAA and the opinion in *NRDC v. EPA*, 749 F.3d 1055 (D.C. Cir. 2014), decided under CAA § 112, as prohibiting the use of affirmative defenses in SIPs under CAA § 110 is arbitrary, capricious, or contrary to law?

6. Whether EPA gave adequate deference to each state's interpretation of its own statutes and rules?

7. Whether EPA acted arbitrarily, capriciously, or contrary to law by calling SIPs based on its determination that the SIPs contained alternative emission limitations that were not "independently enforceable"?

8. Whether all standards set forth in a SIP must be enforceable through a citizen suit?

9. Whether EPA's blanket application of its SSM memorandum to justify the SIP Call without regard to the actual practical effects of the called SIPs was arbitrary, capricious, or contrary to law because the blanket application of the SSM memorandum improperly dictates the means by which States attain the NAAQS?

10. Whether, assuming its interpretation of the CAA's requirements for SIPs is permissible, EPA's classification of individual SIP provisions, based on each provision's particular wording, as inconsistent with EPA's interpretation of the CAA was arbitrary, capricious, or contrary to law as to each called provision?

11. Whether EPA acted arbitrarily, capriciously, or contrary to law by failing to evaluate each SIP as a whole to determine whether it was substantially inadequate under CAA requirements?

12. Whether EPA's failure to consider individual SIP provisions when evaluating substantial adequacy based on EPA's incorrect conclusion that those particular provisions were not part of an approved SIP was arbitrary, capricious, or contrary to law?

13. Whether EPA arbitrarily, capriciously, or contrary to law substituted its judgment for States' judgments about whether and how to take into account difficulties the regulated community experiences in emissions reduction during SSM periods, particularly insofar as a State may conclude that work practice

standards for SSM periods coupled with notification provisions may encourage good practices and regulatory compliance and enhance NAAQS attainment?

14. Whether EPA's decision to disregard work practice standards that it concluded were not part of particular SIP emissions limitations was arbitrary, capricious, or contrary to law?

15. Whether EPA failed to comply with the statutory procedural requirements under CAA § 107(d)—to include the requirement to provide an explanation of the "major legal interpretations and policy considerations underlying the proposed rule"?

16. Whether CAA § 110(k)(5) permits EPA to issue a SIP Call when the only basis for that SIP Call is that a SIP provision is inconsistent with a newly-issued EPA policy statement?

17. Whether EPA must identify a specific provision of the CAA violated by a SIP as a prerequisite to finding the SIP "substantially inadequate"?

18. Whether a SIP provision is substantially inadequate under the CAA simply because it gives a state official some discretion about how best to comply with the CAA on a case-by-case basis?

19. Asthis rule constitutes separate SIP calls for each state, the Petitioner States each will have unique issues to address based on the specific language of its SIP and the reasons for EPA's inclusion of that State's SIP in the call. For

example: Whether EPA's conclusion that West Virginia's alternative limitations applied to hot asphalt plants and fuel-burning units employing flue gas desulphurization systems in the West Virginia SIP were not sufficiently specific and narrow to comply with the CAA was arbitrary, capricious, or contrary to law?

Pamela Jo Bondi
*Attorney General*
*State of Florida*

/s/Jonathan A. Glogau
Jonathan A. Glogau
Special Counsel
Chief, Complex Litigation
Florida Bar No. 371823
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Phone: (850) 414-3817
Fax: (850) 414-9650
jon.glogau@myfloridalegal.com

*Counsel for Petitioner State of Florida*

Samuel S. Olens
*Attorney General*
*State of Georgia*

/s/ Britt C. Grant
Britt C. Grant
Solicitor General
Georgia Bar No.
OFFICE OF THE ATTORNEY GENERAL
40 Capitol Sq. SW
Atlanta, Georgia 30334
Phone: (404) 651-9453
Fax: (404) 463-1519
bgrant@law.ga.gov

*Counsel for Petitioner State of Georgia*

Derek Schmidt
*Attorney General*
*State of Kansas*

*/s/ Jeffrey A.Chanay*
Jeffrey A. Chanay
Chief Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
120 SW Tenth Avenue, Third Floor
Topeka, Kansas 66612-1597
Phone: (785) 368-8435
jeff.chanay@ag.ks.gov

*Counsel for Petitioner State of Kansas*

Marty J. Jackley
*Attorney General*
*State of South Dakota*

*/s/ Steven R. Blair*
Steven R. Blair
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel. (605) 773-3215
Email: steven.blair@state.sd.us

*Counsel for Petitioner State of South Dakota*

Patrick Morrisey
*Attorney General*
*State of West Virginia*

*/s/ Elbert Lin*
Elbert Lin
Solicitor General
OFFICE OF THE ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305
(304) 558-2021

*Counsel for Petitioner State of West Virginia*

JIM HOOD
*Attorney General*
*State of Mississippi*

*/s/ Harold E. Pizzetta, III*
Harold E. Pizzetta, III
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
MSB No. 99867
U. S. Court of Appeals - D.C. Circuit
No. 51936
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3816
Facsimile: (601) 359-2003
hpizz@ago.state.ms.us

*Counsel for Petitioner State of Mississippi*

Matthew P. Denn
*Attorney General*
*State of Delaware*

*/s/ Valerie Satterfield*
Valerie Satterfield Edge
Deputy Attorney General
(DE I.D. #3937)
Delaware Department of Justice
102 W. Water Street, 3rd Floor
Dover, DE 19904

*Counsel for Petitioner State of Delaware*

Leslie Rutledge
*Attorney General*
*State of Arkansas*

*/s/ Jamie Leigh Ewing*
Jamie Leigh Ewing
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-5310 (phone)
(501) 682-3896 (fax)
Jamie.ewing@arkansasag.gov

*Counsel for Petitioner State of Arkansas*

James D. "Buddy" Caldwell
*Attorney General*
*State of Louisiana*

*/s/ James D. Buddy Caldwell*
James D. "Buddy" Caldwell
Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

*Counsel for Petitioner State of Louisiana*

Luther Strange
*Attorney General*
*State of Alabama*

*/s/ Andrew Brasher*
Andrew Brasher
Solicitor General
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
Direct: 334-353-2609
Fax: 334-242-4891

*Counsel for Petitioner State of Alabama*

Mark Brnovich
*Attorney General*
*State of Arizona*

*/s/ Mark Brnovich*
Mark Brnovich
Attorney General of Arizona
OFFICE OF THE ATTORNEY GENERAL
1275 West Washington
Phoenix, AZ 85007
Tel. (602) 542-5025

*Counsel for Petitioner State of Arizona*

Michael DeWine
*Attorney General*
*State of Ohio*

*/s/ Eric E. Murphy*
Eric E. Murphy
State Solicitor
OFFICE OF THE ATTORNEY GENERAL
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel. (614) 466-8980
eric.murphy@ohioattorneygeneral.gov

*Counsel for Petitioner State of Ohio*

JACK CONWAY
*Attorney General*
*Commonwealth of Kentucky*

*/s/ Jack Conway*
Jack Conway
Attorney General of Kentucky
OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky  40601

*Counsel for Petitioner Commonwealth of Kentucky*

ALAN WILSON
*Attorney General*
*State of South Carolina*

*/s/ J. Emory Smith, Jr.*
J. EMORY Smith, Jr.
Deputy Solicitor General
ROBERT D. COOK
Solicitor General
Email: BCOOK@SCAG.GOV
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
Phone:  (803) 734-3680
Fax:  (803) 734-3677
Email:   ESMITH@SCAG.GOV

*Counsel for Petitioner State of South Carolina*

8

| | |
|---|---|
| */s/ Sam M. Hayes* <br> Sam M. Hayes <br> General Counsel <br> Craig a. Bromby <br> Deputy General Counsel <br> Andrew J. Norton <br> Deputy General Counsel <br> North Carolina Department of Environmental and Natural Resources <br> 215 W. Jones Street <br> Raleigh, North Carolina 27603 <br> sam.hayes@ncdenr.gov <br> craig.bromby@ncdenr.gov <br> andrew.norton@ncdenr.gov <br> (919) 707-8600 <br><br> *Counsel for Petitioner North Carolina Department of Environmental and Natural Resources* | */s/ P. Clayton Eubanks* <br> P. Claryton Eubanks <br> Deputy Solicitor General <br> OFFICE OF THE ATTORNEY GENERAL <br> 313 N.W. 21st Street <br> Oklahoma City, OK 73105 <br> Tel: (405) 522-8992 <br> Fax: (405) 522-0085 <br> clayton.eubanks@oag.ok.gov <br><br> *Counsel for Petitioner State of Oklahoma* |

CHRIS KOSTER
*Attorney General*
*State of Missouri*

*/s/ Chris Koster*
Chris Koster
Attorney General of Missouri
OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
Jefferson City, MO 65101
(573) 751-3321

*Counsel for Petitioner State of Missouri*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Non-Binding Statement of Issues was served on all registered counsel of record through the Court's CM/ECF system on November 18, 2015.

>  */s/ Jonathan A. Glogau*
>  Jonathan A. Glogau